Kay N. BROWN; Gilbert Fennema; Minnie G. Fennema; Harold J. Lemmon; Marjorie T. Miller; William C. Findt; William G. Brown; Loyette Eby; David Lawrence; Charles W. Manz, As Trustee for the Manz Family Trust; Jules Belkin; Tony Arlotti; Rita G. Thye; Richard O. Slutzky; Alyson Slutzky; Judith Alterman; Central Machine & Welding, Inc.; George F. Robinson; Margaret B. Sealander; Valerie R. Lynn; Ralph Madoff; Lily Madoff; Ralph G. Bock; Glen M. Carlson; Nila Carlson; Frederick H. Duffield; Elizabeth D. Duffield; Richard J. Paetz; Luana Borchers; Emerson Eby; Madeline Shields; Albert W. Shields; Rosemarie Cobb; Joyce V. Moorehouse; Mary K.O. Sanders; Harry J. Beyer; Elizabeth Beyer, As Trustees for the Beyer Family trust under agreement dated 11/28/77; Gerald K. Doman; Gary E. Fischer; Esther W. Fischer; Fred T. Baker; Richadean M. Burrows, As Trustee for the Richadean M. Burrows Trust under Declaration of trust dated 12/19/86; Elizabeth S. Peeler; Melvin W. Sewell; Lela H. Sewell; Richard F. Bleau; Kathleen A. Bleau; Janice J. Bowen; Arthur H. Smith, Jr.; Anna Johnell Crimen; Wayne C. Schmidt; Robert L. Duff; Donald K. Fischer; James R. Cooper; Marguerite C. Cooper; Floyd J. Lyne; Carolyn L. Lyne; Ralph A. Sternberg; Meta L. Sternberg; A. Joseph Creston; T. Josephine Creston; Donald M. Shegrud; Donald S. Kyle; Jeanniette A. Kyle; Rita P. Brown; Ivan R. Bowers; Dora J. Bowers; Ralston B. Brown; Jean M. Brown; Robert F. Papenmeier; Judy A. Papenmeier; Thomas Mathew, Dr.; Albert W. Beiser; Karolyn K. Kufeld; Roland C. Kufeld; William M. Smith; Maurice W. Keating; Brooks Pool Company, Inc.; Scott C. Crawley; Owen T. Crawley; Lou Craig; Rudy J. Garbien; Josephine M. Garbien; Paul Mangold; Imogene Mangold; Robert J. Whitten; Della D. Whitten; John W. Claughton; Thomas M. Stout; Marilyn K. Stout; Louis A. Caporale; Milton R. Darling; Dolores W. Darling; R.K. Nair, M.D., As Trustee of the R.K. Nair, M.D. Pension & Profit Sharing Plan; Frank N. Grateau; Virginia W. Grateau; Burr R. Carlson; Carol D. Carlson; John N. Bailey; James C. Roberts; Vivian R. Roberts; James Wilkinson; Adolph Albert Pezoldt; Sandra E. Pezoldt; Charles R. Hartwig; Scott B. Edmonds; Thelma Hemenway; Robert A. Brandon; Ruth J. Brandon; Anne Z. Burgess; Frances S. Hardin, As Trustee for the Frances S. Hardin living trust; Merle C. Johnson; Beverly A. Johnson; James A. Lowry; Shirley L. Allen; Charles I. Trinrud, As Trustee of the Charles I. Trinrud trust under declaration of trust dated 12/16/83; John J. Kokemor, M.D.; Leslie Mayberry; Harvey S. Wright; June E. Jarmer, As Trustee of the June E. Jarmer Revocable Trust; Edward F. Johnston; Francine E. Johnston; Billy L. Cone; Judy

A. Cone; Joe E. Vetter; Betty M. Vetter; Georgene L. Creagor; Rom S. Charmin; Paul Farver; Gwendolyn Farver; Samuel M. Feller; Renate Bauer; Joseph J. Falsia; Angelene Antolini; Jack L. Keyes; Norman J. Hull; Elizabeth K. Hull; Sophia H. Quick; Edward J. Santucci; Janet A. Santucci; Nancy C. Davis; John T. Weiller; Sharinne S. Weiller; Chester J. Holmes; Robert F. Martin; Ragnheidur L. Martin; Louis T. Perry; E. Jean Crowell; John H. Crowell; Armando B. Sorchini; Doris D. Meyers; Robert F. Olivere; Marilyn Hess Olivere; Jeanne A. Hockert; Eric G. Koskoff; Sandra L. Koskoff; R.C. Fretz, M.D., As Trustee for R.C. Fretz, M.D., Inc. Pension Plan & Trust; Maynard J. Mitchell; Pauline J. Mitchell; Dorothy Price; James A. Kosa; Donald Kosa; Walter R. Gardner; Dorothy Mae Gardner; Betty C. Popp; Faye McAllister; Dale A. McAllister; Bernard L. Gburek; Celina Gburek; Ervin B. Whitt; Jacqueline P. Whitt; Katherine N. Ase; Norma Jensen; Darrell L. Jensen; Clyde L. Metsinger; Ruth A. Metsinger; John F. Queenan; Leon A. Dale; Arlene R. Dale; Muriel A. Link; Merrill D. Round, Jr.; Deborah Taras; Max L. Fisher; Robert J. Blackburn; First Interstate Bank of Billings, N.A., As Successor Trustee of the William C. Alexander 1982 Revocable Trust; Wilbur L. Vanneste; Elaine A. Greenwood; Cecil E. Cross, D.D.S.; Alice Faye Cross; Thomas R. Jordan; Barbara L. Jordan; James A. Ardaiolo; Mary Lou Percy; Charles W. Mettler; Doris E. Lemmon; Earl L. Headworth; Harriet L. Headworth; Marilyn B. Johnson; Marshall J. Spencer; Helen S. Godwin; Landers Finseth; Dorothy Finseth; John C. Wilson; Betty G. Wilson; Lewis R. West; Janet B. West; Daniel R. Howe, As Trustee for the Daniel R. Howe trust under agreement dated 2/2/69 for the benefit of Daniel R. Howe; Don L. McDermott; Hubert P. Richter; Jeanne M. Richter; Marlene A. Radloff; Russell W. Eckman; Loretta C. Eckman; Martha I. Pickersgill; Joseph K. Johnson; Chester Kwiatt, As Trustee of the Chester Kwiatt trust under agreement dated 1/22/85; George E. Chorba; Hilda K. Chorba; Donald G. Bergey, As Trustee for Geoffrey D. Bergey and Colin D. Bergey; Herbert O. Beadle, Jr.; Catherine B. Beadle; Mary Frances Sutherland, As Trustee for the James Hobart Dunlap Trust 2; Peter J. Caggiano; Richard L. Heintz, As Trustee of the William & Heintz Map Corporation; Heintzvisitype Profit Sharing Trust; Paul A. Jacobsen; Elsie M. Jacobsen; Francis P.A. Williams; Elsie B. Williams; William N. Spangler; Thomas I. Fritts; Joyce P. Fritts; Phillip T. Schaefer; Richard L. Morris; Katherine J. Morris; John E. Proctor; Robert J. Koperwhats; Martha A. Koperwhats; Paul A. Landrum; Delores A. Landrum; David C. Koerber; Peter Frantzis; Catherine E. Frantzis; Frances L. Belko; Coetta McNeal Thomas; Nancy E. Szot; Thomas W. Barnard, As Trustee for Jennifer Lynn Barnard; Carol S. Barnard, As Trustee for Kristen Shell Barnard; Bernadine E. Ruof; Donald C. Kamsler; Mary Belle Kamsler; Edith M. Dyer; Ruth A. Dickson; John R. Farquhar; Doris M. Farquhar; Robert C. Kraxner; John H. Weitz; Robert W. Wilson; Edith E. Wilson; Joseph Croce; N. Ruth Reed; Elizabeth A. Richardson; Lawrence M. Halverson; Ferne P. Halverson; Clarence C. Hanson; Grace J. Hanson; Harry W. Hopes; Frances P. Hopes; Betty L. Shaw; James C. Stone; Michael Maffioli; Bobbie N. Hart; Charles T. Ames; John J. Moore, III; Frederic A. Riegel; Alice P. Riegel; Ellen R. Oakes, As Trustee for the Ellen R. Oakes, Ph.D., Inc., profit sharing plan; John Kovas; Carol Lindberg; Eric I. Pas; Michele J. Pas; Elma Crowley; John W. Butler; Harvey Gene Shackelford; Gary J. Skaff; Andrew G. Teacherson; Elaine A. Teacherson; George S. Deavor; Margaret A. Deavor; Paul V. Kellman; Evelyn R. Kellman, As Trustees of the Kellman 1985 trust; Ronald A. Millett; Joyce D. Millett; Albert K. Earnest; David A. MacAfee; Robert Stanton, As

1022

Trustee for the Stanton Real Estate, Inc., pension plan; Jerry L. McQuiston; David Moehlman; Jean D. Moehlman; John N. Lester; Dawn C. Lester, As Trustee of the John N. and Dawn C. Lester trust; Louis G. Cramer; Sarah E. Cramer; Frederick E. Jackson; Janet C. Jackson; Earnest E. Moore; Betty Moore; Leonard C. Vogel; Dennis K. Dang; Anthony Pisciotta; Cornelita Pisciotta; Lillian A. Newton; Dorothy M. Gary; Morton Daftary; Myriam Daftary; William J. Powell; Stanley R. Arnold; Judy E. Arnold; Frances Marie Kotsch; Arly M. Sills; William T. Taylor; Virginia C. Hughes; Benjamin W. Vallat, Jr.; M. Lorraine Vallat, As Trustee of the Vallat Family trust dated 2/6/76; Paul A. Johnson; Saranne O. Johnson; Joseph B. Schmelzle, As Trustee for the benefit of Joseph B. Schmelzle; Julia Ann Costa, As Trustee for Joseph Edwin Costa; Gladys M. Federspiel; Carolyn F. Lagomarsino; Donald L. Hunton; Dean G. Fesette; Lloyd R. Golden, As Trustee for the Golden Family trust; Freda L. Schmelzle, As Trustee for the benefit of Freda L. Schmelzle; Douglas B. Zubrin; Bettina Wyman; Carol Ann Fischer Matscherz; Leola A. Shaw; Flowers Wilson; Sam McClain; Christine M. McClain; Ory C. Pranger; Gail A. Hoeldt; Katherine McCall; Mary M. Warner; William F. Lolli, D.D.S., As Trustee of the William F. Lolli, D.D.S. Corporation; Beatrice A. McNamara; Judy Heady; Jack Lisabeth; Evelyn Lisabeth; Margaret B. Morrow; Frederick Carleton Hutchins, P.T.; Donald H. Blowers; James H. Reynolds; Sara S. Reynolds; Alvera Schultz; Hoyt N. McPherson; Dorothy A. Young; Tura M. Kleiger; Frank T. Seil; Irene Seil; Edwin Gienger; Virginia Gienger; A.E. Caswell; J. Rodney Wilson; Robert Gottlieb; Lois D. Gottlieb, As Trustees of the Gottlieb Family trust dated 6/25/86; Clyde Barks; Emma Barks; Nadine Schwartz; Lee J. Dewitt; Edna L. Dewitt; Suzanne B. Fyvolent; Don H. Cox; Carolyn O. Cox; Ray V. Work; Katherine L. Work; Catherine D. Nolan; Henry M. Nelson; Barbara W. Nelson; George W. Holton; Donald S. Fowler; Mary L. Fowler; Gloria B. Hendrickson; Thelma D. Jacks; Dallis C. Nickell; Charles L. Ging; Myrtle C. Ging; Bernard Maas; Stanley J. Dzialowy; Ann Dzialowy; Joseph J. Force; Margaret A. Force; Audrey J. Cannon; Richard A. Rudy; Diane Rudy; Joseph G. Alders; Lorraine M. Marcus; Kenneth S. Kornblum, D.D.S., As Trustee for Kenneth S. Kornblum, D.D.S., Inc. profit sharing plan; Malcom A. Rea; Argyle Q. O'Brien, D.D.S.; Carol A. O'Brien; Mary Kathleen Baird; Ernest N. Wallace; Robert Watson; H. Reba Watson; Alex V. Streltzov; Carolina G. De Hoyos; Corrine M. De Hoyos; Janice W. Hagen; Frank S. Brooks; Nancy G. Brooks; Jacqueline J. Kelly; Alice L. Mueller, As Trustee for the Benefit of Dean R. Johnson; Gary T. Johnson; Mark C. Johnson; Everett E. Roberts; Dorothy B. Roberts; Carl W. Fisher; Thomas C. Borreson; Luciano Tucci; Barbara J. Pariente; Louis M. Silber; Gerald W. Jewell; Vonetta J. Jewell; Mildred L. Stromberg; Jean E. Anderton; George G. Sause; Evelyn Sause; John D. Hiscox; Eleanor G. Walkney; Robert L. Sherman; Abbie J. Sherman; Burt A. Kaufman; Paulette Kaufman; Lawrence R. Wiskirchen; Alice Ann Wiskirchen; Harold D. Wells; Margaret J. Wells, As Trustees under declaration of trust 1987-1 dated 4/21/87; Helen L. Riley; Kenneth D. Heun; Michael M. Kronberg; Elinor Kronberg; Gloria R. Penico; Maureen Rutherfurd; Lajeanne T. Gilmer; Ellwyn Bailey; Paul W. Laube; Mary R. Laube; Virginia McKemie Belt, As Trustee for Cal Trust; Emmett S. Orange; James R. Somerville; Joyce M. Somerville; Michele A. Young; Godfrey Brown Desha, As Trustee under agreement dated 10/10/82; Eiloise Marie Desha, As Trustee under agreement dated 10/10/82; Marie T. Haffey; Charlotte L. Timmons; Robert H. Staley; Lois M. Pool; George H. Stoddard; Ella D. Stoddard; Gerald J. Conte, As Trustee for the Gerald J. Conte trust under

agreement dated 6/19/87 for the benefit of Gerald J. Conte; Dorothy J. Davies; Barbara G. Harness; Hilton M. Grier, As Trustees for the Barbara G. Harness trust; Chris Eirich; Molly Eirich; James Sportelli; Louis G. Bencze; Rebecca C. Bencze; Gail E. Vandyke; Roland E. Hardee; Edith R. Hardee; Troy L. Sorensen; Marian R. Sorensen; Robert B. Smith; Jean D. Smith; Keith Groves; Veneda Groves; Ada Marie Curry, As Trustee of the Ada Marie Curry trust; Viola B. Moore; Sheila Gallagher; Warren W.F. Thrun; Dolores Thrun; Terrie L. Gregis; Dorothy A. Clements; John D. Winters; Kathleen Winters, As Trustees for the John D. Winters Family trust; James E. Dunn; Bluefield Urology, Inc.; Gordon F. Brown; Marian S. Brown; C. Downey Price, M.D.; Edna B. Price, as Trustees, for the benefit of Conroe Eye Associates Pension Plan & Trust; Barry S. Martin; Robert G. Dinsbier; Althea N. Putnam; Joel D. Anderson; Lynell M. Anderson; Clegg B. Rowley; Rose Salzano; Erval R. Howard; Robert W. Mangold; Max Medoff; Ben A. Ayers; Genevieve T. Ayers; Arthur N. Shiro; Gay Burch; Robert E. Fraser; Robert J. Salzer; Margaret M. Salzer; Story Musgrave; John R. Leonhard; Arthur L. Schwenneker; Anita M. Schwenneker; John David Rathbone; Vera T. Rathbone; Stephen W. Gleave; Patricia S. Gleave; Paul J. Roberts; Brenda S. Roberts; Marvin E. Sands, As Trustee for the Joe E. Fritzlen trust; Michael Coatney; Cathleen Coatney; Russell A. Jaeger; Lois S. Jaeger; Dwayne E. Dobson; Beatrice Ricker; Charles C. Goetz; Miriam B. Robins; Anthony P. Ragonetti; Kay N. Brown; Gilbert Fennema; Minnie G. Fennema; Harold J. Lemmon; Marjorie T. Miller; William C. Findt; William G. Brown; Loyette Eby; David Lawrence; Charles W. Manz, As Trustee for the Manz Family trust; Jules Belkin; Tony Arlotti; Rita G. Thye; Richard O. Slutzky; Alyson Slutzky; Judith Alterman; Central Machine & Welding, Inc.; George F. Robinson; Margaret B. Sealander; Valerie R. Lynn; Ralph Madoff; Lily Madoff; Ralph G. Bock; Glen M. Carlson; Nila Carlson; Frederick H. Duffield; Elizabeth D. Duffield; Richard J. Paetz; Luana Borchers; Emerson Eby; Madeline Shields; Albert W. Shields; Rosemarie Cobb; Joyce V. Moorehouse; Mary K.O. Sanders; Harry J. Beyer; Elizabeth Beyer, As Trustees for the Beyer Family trust under agreement dated 11/28/77; Gerald K. Doman; Gary E. Fischer; Esther W. Fischer; Fred T. Baker; Richadean M. Burrows, As Trustee for the Richadean M. Burrows Trust under Declaration of trust dated 12/19/86; Elizabeth S. Peeler; Melvin W. Sewell; Lela H. Sewell; Richard F. Bleau; Kathleen A. Bleau; Janice J. Bowen; Arthur H. Smith, Jr.; Anna Johnell Crimen; Wayne C. Schmidt; Robert L. Duff; Donald K. Fischer; James R. Cooper; Marguerite C. Cooper; Floyd J. Lyne; Carolyn L. Lyne; Ralph A. Sternberg; Meta L. Sternberg; A. Joseph Creston; T. Josephine Creston; Donald M. Shegrud; Donald S. Kyle; Jeanniette A. Kyle; Rita P. Brown; Ivan R. Bowers; Dora J. Bowers; Ralston B. Brown; Jean M. Brown; Robert F. Papenmeier; Judy A. Papenmeier; Thomas Mathew, Dr.; Albert W. Beiser; Karolyn K. Kufeld; Roland C. Kufeld; William M. Smith; Maurice W. Keating; Brooks Pool Company, Inc.; Scott C. Crawley; Owen T. Crawley; Lou Craig; Rudy J. Garbien; Josephine M. Garbien; Paul Mangold; Imogene Mangold; Robert J. Whitten; Della D. Whitten; John W. Claughton; Thomas M. Stout; Marilyn K. Stout; Louis A. Caporale; Milton R. Darling; Dolores W. Darling; R.K. Nair, M.D., As Trustee of the R.K. Nair, M.D. Pension & Profit Sharing Plan; Frank N. Grateau; Virginia W. Grateau; Burr R. Carlson; Carol D. Carlson; John N. Bailey; James C. Roberts; Vivian R. Roberts; James Wilkinson; Adolph Albert Pezoldt; Sandra E. Pezoldt; Charles R. Hartwig; Scott B. Edmonds; Thelma Hemenway; Robert A. Brandon; Ruth J. Brandon; Anne Z. Burgess; Frances S. Hardin, As Trustee

1024

for the Frances S. Hardin living trust; Merle C. Johnson; Beverly A. Johnson; James A. Lowry; Shirley L. Allen; Charles I. Trinrud, As Trustee of the Charles I. Trinrud trust under declaration of trust dated 12/16/83; John J. Kokemor, M.D.; Leslie Mayberry; Harvey S. Wright; June E. Jarmer, As Trustee of the June E. Jarmer Revocable Trust; Edward F. Johnston; Francine E. Johnston; Billy L. Cone; Judy A. Cone; Joe E. Vetter; Betty M. Vetter; Georgene L. Creagor; Rom S. Charmin; Paul Farver; Gwendolyn Farver; Samuel M. Feller; Renate Bauer; Joseph J. Falsia; Angelene Antolini; Jack L. Keyes; Norman J. Hull; Elizabeth K. Hull; Sophia H. Quick; Edward J. Santucci; Janet A. Santucci; Nancy C. Davis; John T. Weiller; Sharinne S. Weiller; Chester J. Holmes; Robert F. Martin; Ragnheidur L. Martin; Louis T. Perry; E. Jean Crowell; John H. Crowell; Armando B. Sorchini; Doris D. Meyers; Robert F. Olivere; Marilyn Hess Olivere; Jeanne A. Hockert; Eric G. Koskoff; Sandra L. Koskoff; R.C. Fretz, M.D., As Trustee for R.C. Fretz, M.D., Inc. Pension Plan & Trust; Maynard J. Mitchell; Pauline J. Mitchell; Dorothy Price; James A. Kosa; Donald Kosa; Walter R. Gardner; Dorothy Mae Gardner; Betty C. Popp; Faye McAllister; Dale A. McAllister; Bernard L. Gburek; Celina Gburek; Ervin B. Whitt; Jacqueline P. Whitt; Katherine N. Ase; Norma Jensen; Darrell L. Jensen; Clyde L. Metsinger; Ruth A. Metsinger; John F. Queenan; Leon A. Dale; Arlene R. Dale; Muriel A. Link; Merrill D. Round, Jr.; Deborah Taras; Max L. Fisher; Robert J. Blackburn; First Interstate Bank of Billings, N.A., As Successor Trustee of the William C. Alexander 1982 Revocable Trust; Wilbur L. Vanneste; Elaine A. Greenwood; Cecil E. Cross, D.D.S.; Alice Faye Cross; Thomas R. Jordan; Barbara L. Jordan; James A. Ardaiolo; Mary Lou Percy; Charles W. Mettler; Doris E. Lemmon; Earl L. Headworth; Harriet L. Headworth; Marilyn B. Johnson; Marshall J. Spencer; Helen S. Godwin; Landers Finseth; Dorothy Finseth; John C. Wilson; Betty G. Wilson; Lewis R. West; Janet B. West; Daniel R. Howe, As Trustee for the Daniel R. Howe trust under agreement dated 2/2/69 for the benefit of Daniel R. Howe; Don L. McDermott; Hubert P. Richter; Jeanne M. Richter; Marlene A. Radloff; Russell W. Eckman; Loretta C. Eckman; Martha I. Pickersgill; Joseph K. Johnson; Chester Kwiatt, As Trustee of the Chester Kwiatt trust under agreement dated 1/22/85; George E. Chorba; Hilda K. Chorba; Donald G. Bergey, As Trustee for Geoffrey D. Bergey and Colin D. Bergey; Herbert O. Beadle, Jr.; Catherine B. Beadle; Mary Frances Sutherland, As Trustee for the James Hobart Dunlap Trust 2; Peter J. Caggiano; Richard L. Heintz, As Trustee of the William & Heintz Map Corporation; Heintzvisitype Profit Sharing Trust; Paul A. Jacobsen; Elsie M. Jacobsen; Francis P.A. Williams; Elsie B. Williams; William N. Spangler; Thomas I. Fritts; Joyce P. Fritts; Phillip T. Schaefer; Richard L. Morris; Katherine J. Morris; John E. Proctor; Robert J. Koperwhats; Martha A. Koperwhats; Paul A. Landrum; Delores A. Landrum; David C. Koerber; Peter Frantzis; Catherine E. Frantzis; Frances L. Belko; Coetta McNeal Thomas; Nancy E. Szot; Thomas W. Barnard, as Trustee for Jennifer Lynn Barnard; Carol S. Barnard, As Trustee for Kristen Shell Barnard; Bernadine E. Ruof; Donald C. Kamsler; Mary Belle Kamsler; Edith M. Dyer; Ruth A. Dickson; John R. Farquhar; Doris M. Farquhar; Robert C. Kraxner; John H. Weitz; Robert W. Wilson; Edith E. Wilson; Joseph Croce; N. Ruth Reed; Elizabeth A. Richardson; Lawrence M. Halverson; Ferne P. Halverson; Clarence C. Hanson; Grace J. Hanson; Harry W. Hopes; Frances P. Hopes; Betty L. Shaw; James C. Stone; Michael Maffioli; Bobbie N. Hart; Charles T. Ames; John J. Moore, III; Frederic A. Riegel; Alice P. Riegel; Ellen R. Oakes, As Trustee for the Ellen R. Oakes, Ph.D.,

Inc., profit sharing plan; John Kovas; Carol Lindberg; Eric I. Pas; Michele J. Pas; Elma Crowley; John W. Butler; Harvey Gene Shackelford; Gary J. Skaff; Andrew G. Teacherson; Elaine A. Teacherson; George S. Deavor; Margaret A. Deavor; Paul V. Kellman; Evelyn R. Kellman, As Trustees of the Kellman 1985 Trust; Ronald A. Millett; Joyce D. Millett; Albert K. Earnest; David A. MacAfee; Robert Stanton, As Trustee for the Stanton Real Estate, Inc., pension plan; Jerry L. McQuiston; David Moehlman; Jean D. Moehlman; John N. Lester; Dawn C. Lester, As Trustee of the John N. and Dawn C. Lester trust; Louis G. Cramer; Sarah E. Cramer; Frederick E. Jackson; Janet C. Jackson; Earnest E. Moore; Betty Moore; Leonard C. Vogel; Dennis K. Dang; Anthony Pisciotta; Cornelita Pisciotta; Lillian A. Newton; Dorothy M. Gary; Morton Daftary; Myriam Daftary; William J. Powell; Stanley R. Arnold; Judy E. Arnold; Frances Marie Kotsch; Arly M. Sills; William T. Taylor; Virginia C. Hughes; Benjamin W. Vallat, Jr.; M. Lorraine Vallat, As Trustee of the Vallat family trust dated 2/6/76; Paul A. Johnson; Saranne O. Johnson; Joseph B. Schmelzle, As Trustee for the benefit of Joseph B. Schmelzle; Julia Ann Costa, as Trustee for Joseph Edwin Costa; Gladys M. Federspiel; Carolyn F. Lagomarsino; Donald L. Hunton; Dean G. Fesette; Lloyd R. Golden, As Trustee for the Golden Family trust; Freda L. Schmelzle, As Trustee for the benefit of Freda L. Schmelzle; Douglas B. Zubrin; Bettina Wyman; Carol Ann Fischer Matscherz; Leola A. Shaw; Flowers Wilson; Sam McClain; Christine M. McClain; Ory C. Pranger; Gail A. Hoeldt; Katherine McCall; Mary M. Warner; William F. Lolli, D.D.S., As Trustee of the William F. Lolli, D.D.S. Corporation; Beatrice A. McNamara; Judy Heady; Jack Lisabeth; Evelyn Lisabeth; Margaret B. Morrow; Frederick Carleton Hutchins, P.T.; Donald H. Blowers; James H. Reynolds; Sara S. Reynolds; Alvera Schultz; Hoyt N. McPherson; Dorothy A. Young; Tura M. Kleiger; Frank T. Seil; Irene Seil; Edwin Gienger; Virginia Gienger; A.E. Caswell; J. Rodney Wilson; Robert Gottlieb; Lois D. Gottlieb, As Trustees of the Gottlieb Family trust dated 6/25/86; Clyde Barks; Emma Barks; Nadine Schwartz; Lee J. Dewitt; Edna L. Dewitt; Suzanne B. Fyvolent; Don H. Cox; Carolyn O. Cox; Ray V. Work; Katherine L. Work; Catherine D. Nolan; Henry M. Nelson; Barbara W. Nelson; George W. Holton; Donald S. Fowler; Mary L. Fowler; Gloria B. Hendrickson; Thelma D. Jacks; Dallis C. Nickell; Charles L. Ging; Myrtle C. Ging; Bernard Maas; Stanley J. Dzialowy; Ann Dzialowy; Joseph J. Force; Margaret A. Force; Audrey J. Cannon; Richard A. Rudy; Diane Rudy; Joseph G. Alders; Lorraine M. Marcus; Kenneth S. Kornblum, D.D.S., As Trustee for Kenneth S. Kornblum, D.D.S., Inc. profit sharing plan; Malcom A. Rea; Argyle Q. O'Brien, D.D.S.; Carol A. O'Brien; Mary Kathleen Baird; Ernest N. Wallace; Robert Watson; H. Reba Watson; Alex V. Streltzov; Carolina G. De Hoyos; Corrine M. De Hoyos; Janice W. Hagen; Frank S. Brooks; Nancy G. Brooks; Jacqueline J. Kelly; Alice L. Mueller, As Trustee for the benefit of Dean R. Johnson; Gary T. Johnson; Mark C. Johnson; Everett E. Roberts; Dorothy B. Roberts; Carl W. Fisher; Thomas C. Borreson; Luciano Tucci; Barbara J. Pariente; Louis M. Silber; Gerald W. Jewell; Vonetta J. Jewell; Mildred L. Stromberg; Jean E. Anderton; George G. Sause; Evelyn Sause; John D. Hiscox; Eleanor G. Walkney; Robert L. Sherman; Abbie J. Sherman; Burt A. Kaufman; Paulette Kaufman; Lawrence R. Wiskirchen; Alice Ann Wiskirchen; Harold D. Wells; Margaret J. Wells, As Trustees under declaration of trust 1987–1 dated 4/21/87; Helen L. Riley; Kenneth D. Heun; Michael M. Kronberg; Elinor Kronberg; Gloria R. Penico; Maureen Rutherfurd; Lajeanne T. Gilmer; Ellwyn Bailey; Paul

1026

W. Laube; Mary R. Laube; Virginia McKemie Belt, As Trustee for Cal Trust; Emmett S. Orange; James R. Somerville; Joyce M. Somerville; Michele A. Young; Godfrey Brown Desha, As Trustee under agreement dated 10/10/82; Eiloise Marie Desha, As Trustee under agreement dated 10/10/82; Marie T. Haffey; Charlotte L. Timmons; Robert H. Staley; Lois M. Pool; George H. Stoddard; Ella D. Stoddard; Gerald J. Conte, As Trustee for the Gerald J. Conte trust under agreement dated 6/19/87 for the benefit of Gerald J. Conte; Dorothy J. Davies; Barbara G. Harness; Hilton M. Grier, As Trustees for the Barbara G. Harness trust; Chris Eirich; Molly Eirich; James Sportelli; Louis G. Bencze; Rebecca C. Bencze; Gail E. Vandyke; Roland E. Hardee; Edith R. Hardee; Troy L. Sorensen; Marian R. Sorensen; Robert B. Smith; Jean D. Smith; Keith Groves; Veneda Groves; Ada Marie Curry, As Trustee of the Ada Marie Curry trust; Viola B. Moore; Sheila Gallagher; Warren W.F. Thrun; Dolores Thrun; Terrie L. Gregis; Dorothy A. Clements; John D. Winters; Kathleen Winters, As Trustees for the John D. Winters Family trust; James E. Dunn; Bluefield Urology, Inc.; Gordon F. Brown; Marian S. Brown; C. Downey Price, M.D.; Edna B. Price, As Trustees, for the Benefit of Conroe Eye Associates Pension Plan & Trust; Barry S. Martin; Robert G. Dinsbier; Althea N. Putnam; Joel D. Anderson; Lynell M. Anderson; Clegg B. Rowley; Rose Salzano; Erval R. Howard; Robert W. Mangold; Max Medoff; Ben A. Ayers; Genevieve T. Ayers; Arthur N. Shiro; Gay Burch; Robert E. Fraser; Robert J. Salzer; Margaret M. Salzer; Story Musgrave; John R. Leonhard; Arthur L. Schwenneker; Anita M. Schwenneker; John David Rathbone; Vera T. Rathbone; Stephen W. Gleave; Patricia S. Gleave; Paul J. Roberts; Brenda S. Roberts; Marvin E. Sands, as Trustee for the Joe E. Fritzlen trust; Michael Coatney; Cathleen Coatney; Russell A. Jaeger; Lois S. Jaeger; Dwayne E. Dobson; Beatrice Ricker; Charles C. Goetz; Miriam B. Robins; Anthony P. Ragonetti, Plaintiffs–Appellants–Cross–Appellees,

v.

The E.F. HUTTON GROUP, INC.; Hutton Energy Services II, Inc.; E.F. Hutton & Co., Inc.; Shearson Lehman Hutton Inc., Defendants–Appellees,

Indian Wells Production Company; Indian Wells Oil Co.; Hutton/Indian Wells 1983 Energy Income Fund, Ltd., Defendants–Appellees–Cross–Appellants.

No. 824, Docket 92–7780.

United States Court of Appeals, Second Circuit.

Argued Jan. 4, 1993.

Decided April 19, 1993.

Elizabeth M. Toll, New York City (Beigel & Sandler, New York City, of counsel), for appellants.

Edward J. Yodowitz, New York City (Steven Kronengold, Daniel J. Fish, Skadden, Arps, Slate, Meagher & Flom, New York City, of counsel), for appellees.

Before KEARSE, ALTIMARI and JACOBS, Circuit Judges.

JACOBS, Circuit Judge:

Plaintiffs-appellants appeal from so much of a judgment in the United States District Court for the Southern District of New York, John M. Walker, *Circuit Judge*, sitting by designation, 735 F.Supp. 1196, as (a) granted summary judgment to defendant E.F. Hutton Group, Inc. ("Hutton") on plaintiffs-appellants' claim that they were sold unsuitable securities in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1988) ("§ 10(b)") and, (b) having dismissed all federal claims before trial or discovery, dismissed plaintiffs-appellants' pendent state law claims for common law fraud and breach of fiduciary duty. Plaintiffs-appellants also appeal from the district court's subsequent judgment denying their motion for reargument under Southern District of

New York Local Civil Rule 3(j). We affirm.

## BACKGROUND

Plaintiffs-appellants are approximately 400 presumably unsophisticated, income-oriented investors in a limited partnership called the Hutton/Indian Wells 1983 Energy Income Fund, Ltd. (the "Partnership"). According to the Partnership's October 14, 1983 prospectus (the "Prospectus"), it was organized to acquire properties upon which existing oil and gas wells are located and to provide regular cash distributions to investors from sales of oil and gas produced from those properties.

After their investments allegedly became worthless, the plaintiffs-appellants (the "Limited Partners") brought suit in the United States District Court for the Southern District of New York against Hutton, the Indian Wells Production Company and related entities (collectively, the "defendants"). In their amended complaint, the Limited Partners assert two claims arising under § 10(b) and two claims arising under state common law theories of fraud and breach of fiduciary duty.

In response to the amended complaint, the defendants moved below (a) to dismiss the amended complaint for failure to state a claim and for failure to plead fraud with particularity, and (b) in the alternative for summary judgment. The district court granted summary judgment as to the first count, which alleges that defendant Hutton sold the Limited Partners unsuitable securities in violation of § 10(b); dismissed the second count, which alleged that all defendants fraudulently sold securities in violation of § 10(b); granted leave to replead the second count; and, having dismissed all federal claims before trial or discovery, dismissed the remaining state law claims for lack of independent federal jurisdiction. The Limited Partners' second amended complaint, repleading what had been count two, was ultimately dismissed with prejudice in an opinion that is not the subject of this appeal. *Brown v. Hutton Group,* 795 F.Supp. 1317 (S.D.N.Y.1992). This appeal

followed the district court's denial of the Limited Partners' motion for reargument as to the first count.

The Limited Partners contend that this Court should reverse the grant of summary judgment as to the unsuitability claim (1) because the district court erroneously relied in part upon the supplement to the Prospectus (the "Supplement") which may not have been distributed to each of the Limited Partners prior to their investment in the Partnership; (2) because the promotional brochure used by Hutton to market the Partnership interests (the "Brochure") and the Prospectus did not expressly and directly contradict certain oral misrepresentations allegedly made by Hutton account executives; and (3) because the district court failed to consider all relevant factors to determine whether each of the Limited Partners justifiably relied on his or her broker's assurances.

### A. Allegations in the Amended Complaint

The district court, for purposes of Hutton's summary judgment motion and without objection from Hutton, accepted as true the following allegations from the amended complaint: (a) that each of the more than 400 Limited Partners was unsophisticated; (b) that each Limited Partner told a Hutton account executive that his or her investment objectives included some combination of income, capital appreciation, tax benefits and savings; and (c) that the Hutton account executives gave oral assurance to each Limited Partner that the Partnership had either no risk or low risk.[1] Hutton's motion did, however, contest the Limited Partners' allegations that they made their purchases in justifiable reliance on the brokers' oral representations and that the Brochure and Prospectus were materially false and misleading.

### B. The Offering Materials

As the Limited Partners contend, the Brochure depicts the Partnership's financial outlook in bright terms. In this re-

---

**1.** For purposes of our review, we likewise will presume these facts.

gard, the Brochure distinguishes the Partnership from prototypically risky oil and gas investments by emphasizing that the purchase of "only producing oil and gas properties" eliminates exploration risk. The Brochure's disclosure concerning other risks is by reference to the Prospectus. The jacket of the Brochure contains the following caution:

> The use of this material is authorized only when preceded or accompanied by a prospectus for Hutton Indian Wells 1983 Energy Income Fund, Ltd. Prospective investors are encouraged to read the prospectus, including the section entitled "Risk Factors."

Although the Brochure again and again references the risk disclosure sections in the Prospectus, nowhere does the Brochure quote or otherwise recite the cautionary statements in the Prospectus.[2]

After a review of the Brochure in its entirety there can be no doubt that it is a selling tool. In contrast, the Prospectus' disclosure of the Partnership's risks is thorough and materially complete, if not decidedly glum. The cover of the Prospectus warns that "[n]o person has been authorized to give any information or to make any representations, other than those contained in this prospectus, and if given or made, such information or representations must not be relied upon." The first page of the prospectus states:

### THIS OFFERING INVOLVES CERTAIN RISKS

### See "RISK FACTORS"

The "RISK FACTORS" section takes up roughly three single spaced pages. It is prominently featured immediately after the opening "SUMMARY OF OFFERING" section. The "RISK FACTORS" section states at the outset that "[t]here can be no assurance that properties selected will produce oil or gas in the quantities or at the cost anticipated, or that they will not cease

producing entirely." It ends by disclosing the Limited Partners' potential obligations in the event the Partnership is "involuntarily liquidated because of insolvency." The "RISK FACTORS" section is divided by headings entitled "General Risks" and "Specific Risks", and by fourteen subheadings entitled "Risks Inherent in Oil and Gas Operations", "Competition and Markets", "Regulation", "Operating and Environmental Hazards", "General Partners' Limited Prior Activities", "Diversification", "Lack of Opportunity to Review Partnership Properties", "Conflicts of Interest", "Limitations on Cash Distributions", "Limited Transferability", "Limited Liquidity", "Loss of Limited Liability", "Distribution of Partnership Properties", and "Partnership Liquidation". The "RISK FACTORS" section also directs the potential investor to numerous other sections of the Prospectus.

There is little in the Prospectus to tranquilize the investor:

**Risks Inherent in Oil and Gas Operations.** Purchases of Producing Properties will be based on available geological and engineering data, the extent and quality of which will vary. There can be no assurance that properties selected will produce oil or gas in the quantities or at the cost anticipated, or that they will not cease producing entirely, and assumptions concerning the prices at which oil and gas will sell in the future may prove incorrect. In the event that oil and gas prices fall or do not rise, profit potential may be limited. Oil prices and the price of certain categories of natural gas declined over the past two years. The price obtained for any oil and gas produced by the Partnership will depend upon numerous factors, including the extent of domestic production and imports of foreign oil, market demand and the effect of governmental regulations.

**Competition and Markets.** The oil and gas industry is highly competitive. The Partnership will be involved in competi-

---

**2.** Hutton asserts that the Brochure refers the reader to the appropriate subsections of the Prospectus "for a more detailed explanation." Brief of Defendants–Appellees at 7. In fact, other than the cautionary paragraph on the jacket encouraging potential investors to read the Prospectus, the Brochure's references to the Prospectus could be read to suggest that the contents of the Brochure are borne out by the more detailed disclosures in the Prospectus.

tion for desirable properties, and will be competing with many entities which possess financial resources and technical staffs significantly greater than those available to the Partnership.

....

**Operating and Environmental Hazards.** Hazards incident to the operation of oil and gas properties, such as accidental leakage of petroleum liquids and other unforeseen conditions, are sometimes encountered.... It is anticipated that customary insurance coverage will be obtained, but the Partnership may be subject to liability for pollution and other damages or may lose substantial portions of properties due to hazards which cannot be insured against or have not been insured against due to prohibitive premium costs *or for other reasons*....

**General Partners' Limited Prior Activities.** The General Partners were recently organized and have no operating history.... The success of the Partnership will be dependent upon the ability of the General Partners to identify and acquire Producing Properties. Since the General Partners have only limited experience in such activities, there can be no assurance that the Partnership will be able to acquire Producing Properties on a timely or profitable basis....

In addition, the Prospectus warns that the Limited Partners would "own no direct interest in any oil and gas properties or other assets owned by the Partnership"; that "[t]here will be no ready market" for the Partnership units; and that there is "no assurance that the Partnership will have the financial resources to honor its repurchase commitments."

The Supplement describes itself as a summary of "estimates of the net proved crude oil and natural gas reserves attributable to the Producing Properties, the future net revenues from such reserves and the present value of such future net revenues." The Limited Partners contend that the district court relied upon the Supplement as part of the full disclosure picture, and erred in doing so because the record does not establish that any of the Limited Partners received the Supplement prior to

investing. However, the district court's October 18, 1990 decision denying the Limited Partners' motion for rehearing stated that even if the court had "not considered the Supplement at all, its decision would have remained the same. The other written offering materials were sufficient by themselves to disclose the relevant risks of the investment."

## DISCUSSION

### I.  SCOPE OF REVIEW

We have described this Court's function in reviewing the district court's grant of summary judgment as "plenary", since we apply the same standard as that employed by the trial court pursuant to Fed.R.Civ.P. 56(c). *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 45 (2d Cir.1988). Pursuant to Rule 56(c), we examine the record "in the light most favorable to ... the party opposing the motion." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962).

A motion for summary judgment must be granted upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). Materiality is defined by the substantive law of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### II.  § 10(B) UNSUITABILITY CLAIM

In granting Hutton's motion for summary judgment on the Limited Partners' § 10(b) unsuitability claim, the district court concluded that "the offering materials are not misleading as a matter of law, or, to the same effect, that plaintiffs' reliance on certain portions of the materials was not reasonable as a matter of law." 735 F.Supp. at 1200. The district court also concluded that the Limited Partners could not have reasonably relied on the alleged oral representations by Hutton account executives. *Id.* at 1202. Based on our review of the facts and the law, we

believe the district court reached the proper result.

■ This Court recognized the viability of a § 10(b) unsuitability claim in *Clark v. John Lamula Investors, Inc.*, 583 F.2d 594, 600–01 (2d Cir.1978). A plaintiff must prove (1) that the securities purchased were unsuited to the buyer's needs; (2) that the defendant knew or reasonably believed the securities were unsuited to the buyer's needs; (3) that the defendant recommended or purchased the unsuitable securities for the buyer anyway; (4) that, with scienter, the defendant made material misrepresentations (or, owing a duty to the buyer, failed to disclose material information) relating to the suitability of the securities; and (5) that the buyer justifiably relied to its detriment on the defendant's fraudulent conduct. *See generally id.* at 600; *National Union Fire Insurance Co. v. Woodhead*, 917 F.2d 752, 757 (2d Cir. 1990). Scienter may be inferred by finding that the defendant knew or reasonably believed that the securities were unsuited to the investor's needs, misrepresented or failed to disclose the unsuitability of the securities, and proceeded to recommend or purchase the securities anyway. A plaintiff's burden with respect to the reliance element of an unsuitability claim, as in other § 10(b) and Rule 10b–5 actions, may vary depending on whether the claim alleges fraudulent representations or fraudulent omissions. *See Burke v. Jacoby*, 981 F.2d 1372, 1378–79 (2d Cir.1992).

■ Analytically, an unsuitability claim is a subset of the ordinary § 10(b) fraud claim in which a plaintiff must allege, *inter alia*, (1) material misstatements or omissions, (2) indicating an intent to deceive or defraud, (3) in connection with the purchase or sale of a security. See *Luce v. Edelstein*, 802 F.2d 49, 55 (2d Cir.1986) (citing *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976)). For purposes of this summary judgment motion we accept as true (as did the district court)

the Limited Partners' allegations that the Partnership investment was incompatible with their needs for income, capital appreciation and savings,[3] and we consider the aspects of the investment relating to those needs to be material facts as a matter of law.

For the purpose of our review, we will not take the Supplement into consideration. That said, we are quick to add that the Limited Partners' first ground on appeal, challenging the district court's purported reliance on the Supplement—in the face of that court's statement that such consideration had no effect on its ruling—is meritless.

## A. DISCLOSURE OF SUITABILITY

The first count of the amended complaint generally asserts that Hutton's account executives' oral recommendations of the Partnership as a low risk, conservative investment misled the Limited Partners into purchasing unsuitable securities. The Limited Partners acknowledge that Hutton sent the Brochure and Prospectus, and that they received those documents; they insist, however, that the Brochure and Prospectus (a) fail to state expressly that the Partnership is unsuited to an investor who seeks an opportunity for "no risk", "low risk" or "conservative" capital appreciation, income or savings, and (b) understate, obscure or elide discussion of the real risks of the investment. We disagree.

We find that the Limited Partners' reliance on the oral statements presumptively made by Hutton as to the low risk, conservative character of the investment is not justified as a matter of law and that the alleged oral statements are contradicted by the offering materials sent to the Limited Partners. We find further that the information available to the Limited Partners about the suitability of their investments was materially complete and not misleading.

---

3. Although many of the Limited Partners allegedly informed Hutton of their tax concerns as well, they do not complain that the investment ultimately was unsuited for their tax needs or that the tax benefits were not fully and accurately disclosed. We, therefore, have no occasion to review Hutton's disclosures concerning the Partnership's tax implications.

**1032**

An investor may not justifiably rely on a misrepresentation if, through minimal diligence, the investor should have discovered the truth. *Royal American Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1015–16 (2d Cir.1989). Under this standard, § 10(b) liability will not be imposed when an investor's conduct rises to the level of recklessness. *Id.* To determine whether an investor acted recklessly, and therefore without justifiable reliance, no single factor is dispositive, and all relevant factors must be considered and balanced. *Id.* at 1016. *See also Bruschi v. Brown*, 876 F.2d 1526, 1529 (11th Cir.1989) (citing *Zobrist v. Coal–X, Inc.*, 708 F.2d 1511, 1516–17 (10th Cir.1983)). In *Royal American* we considered the plaintiff's sophistication and expertise in finance and in the subject matter of the securities transaction; the plaintiff's representation by counsel; the plaintiff's opportunity to detect the fraud; whether the fraud was concealed; and the nature of the fraud. 885 F.2d at 1016. This Court has never established a list of all relevant factors, although many courts have been guided by the following:

(1) The sophistication and expertise of the plaintiff in financial and securities matters; (2) the existence of longstanding business or personal relationships; (3) access to the relevant information; (4) the existence of a fiduciary relationship; (5) concealment of the fraud; (6) the opportunity to detect the fraud; (7) whether the plaintiff initiated the· stock transaction or sought to expedite the transaction; and (8) the generality or specificity of the misrepresentations.

*See Davidson v. Wilson*, 973 F.2d 1391, 1400 (8th Cir.1992); *Myers v. Finkle*, 950 F.2d 165, 167 (4th Cir.1991); *Molecular Technology Corp. v. Valentine*, 925 F.2d 910, 918 (6th Cir.1991); *Bruschi v. Brown*, 876 F.2d at 1529 (11th Cir.); *Kennedy v. Josephthal & Co.*, 814 F.2d 798, 804 (1st Cir.1987); *Zobrist v. Coal–X, Inc.*, 708 F.2d at 1516 (10th Cir.).

The Limited Partners assert, and we agree, that the opinion below does not fully recite the district court's consideration of all relevant factors in reaching its conclusion that justifiable reliance cannot be established. The Limited Partners therefore suggest that we remand the case to permit the district court to set forth its analysis more explicitly. We decline this invitation. Since we have not previously required that the district court recite its factor-by-factor balancing of the relevant considerations, and since the undisputed facts in the extensive record in this case are more than adequate for this Court to apply the test in the first instance, we shall proceed to do so in the interests of judicial economy.

Although for present purposes we presume that the Limited Partners are unsophisticated investors and that the brokers initiated the transactions, the other relevant factors preclude a conclusion that the alleged reliance could have been justifiable. Initially, we note that none of the Limited Partners allege the existence of a fiduciary relationship or of a longstanding business or personal relationship with Hutton or its brokers. The dominant considerations here, however, are that the Hutton brokers forwarded the offering materials to the Limited Partners; that the offering materials detailed the investment characteristics bearing upon suitability; that they did so in comprehensive and understandable language; and that the offering materials thereby contradicted the brokers' alleged general assurances.

Specifically, with respect to the Partnership's risks, the Brochure directs the potential investor to the Prospectus, the single most important document and perhaps the primary resource an investor should consult in seeking that information.[4] The Pro-

---

4. The Prospectus' express warning to potential investors that they not rely on information or representations obtained elsewhere further establishes its primacy as the source of risk disclosures. However, we agree with the Limited Partners that, despite this warning, information or representations outside of the Prospectus may be material and justify reliance. As stated by the Tenth Circuit in *Zobrist*, "we do not imply that the defendants can disclaim responsibility for their misrepresentations simply by disclosing the risks in the memorandum and therein warning investors not to rely on representations not contained within the memorandum." 708 F.2d at 1518.

spectus in turn indicates that the Partnership could collapse altogether depending on a variety of factors and developments, none of which is dismissed as remote. The first paragraph of the Prospectus' "RISK FACTORS" section tells prospective investors that their profits depend on the Partnership's purchase of properties that—assuming they produced oil or gas in the quantity and at the cost anticipated in the first place—may cease production altogether; and that whatever oil or gas may be produced would be sold in a regulated market that fluctuates and had been recently sinking. These warnings are reinforced in the Prospectus by disclosures concerning risks inherent in oil and gas operations, the highly competitive character of the venture, the management's limited experience in acquiring oil or gas producing properties, the Partnership's limited financial resources and technical staff relative to its competition, and the potential for substantial uninsured losses. No reasonable investor reviewing the disclosure documents could fail to appreciate that the Partnership could result in a total loss.

The disclosure of risks adequately informed the Limited Partners that the investment was not suitable for the purpose of generating low risk capital appreciation or income, and the disclosure of the investment's limited transferability and liquidity adequately informed the Limited Partners that the investment was not a suitable savings vehicle. Thus, the information made available to the Limited Partners accurately reflected the suitability of the investment (or lack thereof) for the individual investors; the Limited Partners' asserted reliance on the brokers' alleged oral statements, without further inquiry, was therefore reckless and unjustifiable.

We also find that the Brochure and Prospectus provided the Limited Partners with full and objective disclosure of non-misleading factual material. That is all they were entitled to receive. *See Data Probe Acquisition Corp. v. Datatab, Inc.*, 722 F.2d 1, 5–6 (2d Cir.1983), *cert. denied*, 465 U.S. 1052, 104 S.Ct. 1326, 79 L.Ed.2d 722 (1984). There is no requirement that written offering materials counteract the enticements of salesmen by anticipating each sales pitch and rebutting it explicitly.

CONCLUSION

As a matter of law, the facts adduced by the Limited Partners cannot support a finding that the Limited Partners justifiably relied on the Hutton account executives' alleged assurances of suitability, or a finding that the Brochure and Prospectus contained material omissions or misrepresentations concerning the suitability of the investment. The Limited Partners, having thus failed to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), cannot maintain their unsuitability claim and Hutton is entitled to a judgment as a matter of law.

Accordingly, we find that the district court properly granted Hutton's motion for summary judgment, properly dismissed both pendent state law claims and properly denied reargument. The judgments of the district court appealed from are affirmed.