18-1236-cv
*Robertson v. MetLife Secs., Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand nineteen.

Present:
       DEBRA ANN LIVINGSTON,
       SUSAN L. CARNEY,
       RICHARD J. SULLIVAN,
          *Circuit Judges.*

---

FREDIA ROBERTSON, AS GUARDIAN FOR MARY KATHERINE HART,

       *Plaintiff-Appellant*,

       v.                         18-1236-cv

METLIFE SECURITIES, INC., METROPOLITAN LIFE INSURANCE COMPANY, METLIFE OF UPSTATE NEW YORK, VERNA D PHILLIPS,

       *Defendants-Cross Defendants-Appellees*,

CHARLIE WILLIAMS, JR.,

       *Defendant-Appellee*,

WOODFOREST NATIONAL BANK,

       *Defendant-Cross Claimant-Appellee*,

MARKIA L MERRITT, DEBBIE MERRITT,

        *Defendants-Cross Defendants*,

XCEED FINANCIAL CREDIT UNION,

        *Defendant-Cross Claimant*,

XEROX CORPORATION,

        *Defendant.*

| | |
|---|---|
| For Plaintiff-Appellant: | MARY E. MALONEY, Maloney & Maloney, Niagara Falls, NY. |
| For Defendants-Appellees: | PENELOPE M. TAYLOR, McCarter & English, LLP, Newark, NJ.* |

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Fredia Robertson ("Robertson"), as guardian for her sister Mary Katherine Hart ("Hart"), appeals from a judgment of the United States District Court for the Western District of New York issued on March 30, 2018 dismissing her cause of action under the federal securities laws for failure to state a claim, declining to exercise supplemental jurisdiction over her remaining state law claims, and denying leave to amend her complaint. *Robertson v. MetLife Securities, Inc.*, No. 16-cv-289 (FPG), 2018 WL 1569385 (W.D.N.Y. Mar.

---

* Penelope Taylor is not representing Woodforest National Bank, which is represented by other counsel, or Verna D. Phillips, who is *pro se*. Neither of them submitted briefing in this case, and both confirmed they would not be participating in the appeal. *See* Docket No. 18-1236, ECF No. 22 (Phillips Letter), 36 (Woodforest Letter).

30, 2018). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

At the outset, Robertson notes in her briefing that her appeal "is restricted to the claim against MetLife for securities law violations." Pl.-App.'s Brief at 2. Robertson sued Charlie Williams, Jr. ("Williams"), MetLife Securities, Inc., Metropolitan Life Insurance Company, and MetLife of Upstate New York (collectively, the "MetLife Defendants") for their part in the sale of a variable annuity to her sister Hart, who is incompetent and was unable to understand or consent to the sale. The complaint alleges that in filling out the annuity application, MetLife broker Williams, along with Defendants Debbie and/or Markia Merrit (the "Merritts"), misrepresented Hart's income, assets, and risk tolerance, among other things, in order to make the annuity seem like a suitable investment choice for Hart. Hart's money was later withdrawn from the annuity account by the Merritts and converted for their own use, unchecked by the MetLife Defendants.

"We review *de novo* a district court's decision to dismiss a complaint pursuant to Rule 12(b)(6)." *Global Network Comms., Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006). "On such a motion, we are constrained to accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor." *Id.* Nonetheless, a plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555 (2007). In reviewing a district court decision, this Court is "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (quoting *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990), *cert denied*, 496 U.S. 929 (1990)).

To successfully state a § 10(b) and Rule 10b-5 claim, a plaintiff must allege "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *GAMCO Inv'rs, Inc. v. Vivendi Universal, S.A.*, 838 F.3d 214, 217 (2d Cir. 2016) (quoting *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014)). Under the Private Securities Litigation Reform Act ("PSLRA") and Federal Rule of Civil Procedure ("FRCP") 9(b), "it is well-established that a securities fraud complaint must . . . plead certain facts with particularity in order to state a claim," such as particular allegations of fraud or facts "giving rise to a strong inference of fraudulent intent." *Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000) (internal quotation marks omitted); *see also* 15 U.S.C. § 78u-4(b)(4) ("[T]he plaintiff shall have the burden of proving that the act or omission of the defendant alleged to violate this chapter caused the loss for which the plaintiff seeks to recover damages.").

This Court has recognized suitability claims—sometimes called "unsuitability claims"—as "a subset of the ordinary § 10(b) fraud claim." *Brown v. E.F. Hutton Grp.*, 991 F.2d 1020, 1031 (2d Cir. 1993). In order to make out a suitability claim:

> A plaintiff must prove (1) that the securities purchased were unsuited to the buyer's needs; (2) that the defendant knew or reasonably believed the securities were unsuited to the buyer's needs; (3) that the defendant recommended or purchased the unsuitable securities for the buyer anyway; (4) that, with scienter, the defendant made material misrepresentations (or, owing a duty to the buyer, failed to disclose material information) relating to the suitability of the securities; and (5) that the buyer justifiably relied to its detriment on the defendant's fraudulent conduct.

*Id.* at 1031. While there has been some confusion about what portion of Rule 10b-5 Robertson's claim implicates, as she claims she is bringing a 10b-5(a) or (c) claim for scheme liability while the MetLife Defendants cast her claim as one for 10b-5(b) misrepresentation

4

liability, *see* 2018 WL 1569385 at \*3 (noting confusion among parties), this Court treats unsuitability claims as a subset of 10b-5(b) misstatement or omission claims. *See Brown*, 991 F.2d at 1031. In any event, in her brief before this Court, Robertson appears to admit that her claim, as she has cast it, falls within the misrepresentation or omission category of § 10(b) claims. *See* Pl.-App.'s Brief at 18.

Regardless of how she casts her claim, however, Robertson's cause of action under Rule 10b-5 was properly dismissed by the district court, as she is unable plausibly to allege how the unsuitability of the annuity caused her loss. "Loss causation is the causal link between the alleged misconduct and the economic harm ultimately suffered by the plaintiff." *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 172 (2d Cir. 2005) (internal quotation marks omitted). "[T]o establish loss causation, a plaintiff must allege . . . that the *subject* of the fraudulent statement or omission was the cause of the actual loss suffered . . . ." *Id.* at 173 (internal quotation marks omitted). Here, the only misrepresentations Robertson alleges Williams made are those put on the application form for the variable annuity. However, while her argument revolves around the alleged unsuitability of the variable annuity for Hart's needs, she does not allege that Hart's loss occurred as a result of the characteristics that made the annuity unsuitable. For example, Hart did not lose her money because the annuity's "moderate risk profile" exposed her to too much risk, as Robertson claims it did. In actuality, Hart's loss was due to "two thieves . . . steal[ing] two-thirds of the money," *see* Pl.-App.'s Brief at 21, rather than the materialization of any risks implicated by the alleged misrepresentations on the application form. *See Louros v. Kreicas*, 367 F. Supp. 2d 572, 593 (S.D.N.Y. 2005) ("Loss causation as delineated in *Lentell* is satisfied if the risk or other attributes that rendered the investments unsuitable in the first place materialized to the plaintiff's detriment."). This is a sad case; nevertheless, it does not implicate the federal securities laws.

Having dismissed the only claim over which the court had original jurisdiction, the district court declined to exercise supplemental jurisdiction over the remaining state law claims. "[T]he exercise of supplemental jurisdiction is left to the discretion of the district court, and this court's review is limited to whether the district court abused its discretion." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994). It is often suggested that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (quoting *Castellano v. Bd. Of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991)). The district court did not abuse its discretion here in following that advice.[1]

We have considered Robertson's remaining arguments and find them to be without merit.[2] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] At oral argument, Robertson wisely abandoned her assertion that there is federal jurisdiction based on diversity of citizenship. In her brief, she maintained that there is "diversity of citizenship through Markia Merritt (resident of South Carolina) and Woodforest Bank (principal place of business in Texas)." Pl.-App.'s Brief at 36. However, [d]iversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). Since Robertson and Hart are citizens of New York, as are several of the defendants, there clearly is not complete diversity.

[2] In particular, Robertson contests the district court's denial of leave to amend her complaint. "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). While the district court noted Robertson's failure to comply with local rules—she did not attach a proposed amended pleading to her request, which was contained in her memorandum replying to Defendants' motions to dismiss—it rested its denial primarily on futility grounds. Given the insurmountable pleading deficiencies noted above, we discern no error in the district court's decision.